[Crim. No. 9195. In Bank. Dec. 23, 1965.]

In re LOY ROLLIN KIRK on Habeas Corpus.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Loy Rollin Kirk, in pro. per., and Robert N. Beechinor, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Edsel W. Haws and Richard K. Turner, Deputy Attorneys General, for Respondents.

PETERS, J.—This case presents the same problem involved in *In re Estrada, ante,* p. 740 [48 Cal.Rptr. 172, 408 P.2d 948], this day decided. That problem, as applied to this case, is whether petitioner is entitled to the benefits of a statute ameliorating the punishment passed after the criminal act was committed but before the judgment of conviction became final. In the *Estrada* case, *supra,* we held that an accused man was entitled to the benefits of the amendatory act. Under the rule there announced petitioner in the instant case is also entitled to the benefit of the amendatory act.

Petitioner is presently confined in Folsom State Prison pursuant to three judgments. Two of them found him guilty of first degree robbery in violation of section 211 of the Penal Code. The third, which is the one involved in this proceeding, is for issuing checks, totaling $75, without sufficient funds in violation of section 476a of the Penal Code.[1]

At the time of rendition of the judgment of conviction for issuing the checks, subdivision (b) of section 476a of the Penal Code provided that, if the total amount of all checks that the defendant is convicted of issuing does not exceed $50,

---

[1]Petitioner was originally charged in three counts with issuing three $25 checks. The judgment, entered on June 29, 1962, stated that petitioner was found guilty of each of the three counts, and that he was sentenced to the state prison for the term provided by law. On January 22, 1964, a corrected judgment was filed which stated that the three counts were consolidated into one.

There is another matter that should be mentioned. In both the original and corrected judgments for issuing checks it is found that petitioner served two separate terms for prior convictions. No such finding was made in the judgments for the robbery convictions. It is not clear why this was done. A conviction for issuing checks without sufficient funds is not one of those convictions which may lead to habitual criminal status under section 644 of the Penal Code, and the prior convictions are not among those enumerated in section 476a of that code which require a special penalty. Therefore, the finding of prior convictions as to this offense is meaningless. It may be noted that on the other hand, robbery is one of the crimes enumerated in section 644 which may lead to habitual criminal status.

the offense is punishable only by imprisonment in the county jail for not more than one year. Under subdivision (a) of the section the penalty for other violations of the section is imprisonment in the county jail for not more than one year or in the state prison for not more than 14 years. Prior to the affirmance of the conviction by the District Court of Appeal in April of 1964, subdivision (b) was amended by increasing the amount from $50 to $100. Under the present statute a person such as petitioner who is convicted of issuing checks totaling $75 would be subject to imprisonment in the county jail only and would not be subject to imprisonment in state prison.

The problem is thus precisely the same as the one involved in the *Estrada* case, *supra*. The statute imposing the penalty for issuing the checks was amended prior to final judgment by ameliorating the punishment. Under the rule announced in that case the petitioner is entitled to the benefits of the amendatory statute.

Petitioner is not entitled to release as long as he is held under valid judgments of conviction for his other crimes. He is entitled to have the judgment of conviction for issuing checks corrected, but he must complete his terms of imprisonment for the robberies before he is entitled to his release.

The writ is granted. The District Court of Appeal, Second Appellate District, Division One, is directed to recall its remittitur in *People* v. *Kirk*, 2 Crim. 8447, to vacate its judgment, and to reverse the judgment of the Superior Court of Los Angeles County with directions to enter judgment in accordance with the views expressed herein and after such entry to return petitioner to the prison authorities to complete his terms for robbery.

Traynor, C. J., Tobriner, J., Peek, J., and Van Dyke, J. pro tem.,* concurred.

BURKE, J.—I dissent for the reasons stated in the dissenting opinion in *In re Estrada, ante,* page 740 [48 Cal.Rptr. 172, 408 P.2d 948].

McComb, J., concurred.

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.