[Crim. Nos. 10334, 10335.   Second Dist., Div. Four.   May 1, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ROY THORNTON REPLOGLE, Defendant and Appellant.

(Consolidated Cases.)

Leslie A. Minkus and Gary A. Schlessinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—This is a consolidated appeal[1] from two separate judgments of conviction of burglary. In case No. 10334, defendant, after sundry proceedings hereinafter set forth, was found guilty of burglary in the first degree; a motion for new trial was denied, but the trial court, in lieu of granting the motion, reduced the offense to burglary in the second degree, denied probation, and imposed a prison sentence. In case No. 10335, defendant ultimately pled guilty to one count of a two-count information charging two other burglaries. The second count was dismissed, a prior felony conviction was found to be true, probation was denied, and a prison sentence was imposed.

*Case No. 10334*

Appointed counsel argues that the judgment and sentence in this case are void because the case proceeded before Judge Noble after a valid affidavit of prejudice had been filed against him pursuant to section 170.6 of the Code of Civil Procedure. The record does not sustain the contention.

Upon the filing of the information, the matter was first before Judge Noble on October 17, 1963; it was continued for plea until October 24, 1963, Deputy Public Defender Boags being appointed to represent defendant. On October 24, 1963, the case again came on for hearing before Judge Noble, Deputy Public Defender Moutes then appearing for defendant. A motion to reduce bail was made and denied and the matter again continued for plea until October 31, 1963. On October 31, 1963, again before Judge Noble, the matter again came on for hearing, defendant then being represented by

---

[1]The notice of appeal, as prepared by defendant, seems to relate only to the judgment in superior court case No. 279416, the one involved in our case No. 10334. However, someone (both counsel assume it was a deputy county clerk) wrote in, as an addition, the file number of the judgment in superior court case No. 285024, the one involved in our case No. 10335. We have augmented the record by an examination of the superior court files in both cases. It appears that, on May 14, 1964, a date within the time permitted for an appeal from the judgment in superior court case No. 285024, the county clerk wrote defendant that a notice of appeal had been filed in that case. Under the circumstances, we treat the notice as effective to bring both judgments before us.

Deputy Public Defender Watanabe. A plea of not guilty was entered and the case was set for trial on December 9, 1963, before Judge Noble (defendant personally waiving an earlier trial). On December 9, 1963, the case was called for trial before Judge Noble; because of a congested calendar, it was continued until December 16, 1963. On this occasion, defendant was represented by Deputy Public Defender Schoenheit; a motion to dismiss the public defender as counsel was made and denied; the witnesses were instructed to return on December 16th. On December 16, 1963, again before Judge Noble, defendant again appeared with Deputy Public Defender Schoenheit. On this occasion, after a motion to dismiss the public defender had been granted and a motion to appoint other counsel had been denied, an affidavit of prejudice was filed. The matter was then transferred to another department, presided over by Judge Fox.

The trial proceeded before Judge Fox and a jury, defendant appearing in propria persona. A verdict of guilty was returned. Private counsel was substituted; a motion for new trial was granted and the case was re-transferred to Judge Noble's department for a new trial to be held on February 24, 1964. On February 24, 1964, defendant, now represented by his private counsel, appeared before Judge Noble. No objection to Judge Noble's presiding was made; after two continuances, the case ultimately was submitted to Judge Noble on the transcript of the preliminary examination, resulting in the judgment above recounted.

Accepting defendant's argument that, under *Pappa* v. *Superior Court* (1960) 54 Cal.2d 350 [5 Cal.Rptr. 703, 353 P.2d 311], a validly filed affidavit under section 170.6 would have disqualified Judge Noble from presiding at the new trial, the record shows that no valid affidavit was ever filed against him. In the first place, at the times herein involved (which preceded the 1965 amendment of section 170.6) an affidavit under that section, in order to be effective, was required to be filed before the judge involved had heard any contested issue of law or fact. In the second place, even if the proceedings before Judge Noble involving the entry of plea, the denial of a request to dismiss counsel, denial of a motion to reduce bail, and the setting of a trial date were not such as to prevent the filing of an affidavit thereafter, it is clear that the judge who was to preside at the trial was known to defendant at least 39 days before the trial date and that no affidavit was filed five days before the date set for trial, as section 170.6 specifically

requires. The fact that Judge Noble voluntarily transferred the case to another department for trial was not an admission of disqualification but a mere order made for the convenience of the court's business and it did not disqualify him from presiding over the second and final trial.

However, the chief evidence against defendant, contained in the transcript on which the case was submitted, was a written confession obtained from him by a police officer on September 2, 1963. The record is silent as to the giving of any of the warnings later to be required by the decision in *People v. Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. It is to be presumed that, at that date, none were given. (*People v. Stewart* (1965) 62 Cal.2d 571 [43 Cal.Rptr. 201, 400 P.2d 97].) Under these circumstances, a reversal is compelled.

### Case No. 10335

This case was heard before Judge Noble at the same time as he conducted the new trial in case No. 10334. As above recounted, defendant pled guilty to one count and the other count was dismissed. Defendant contends that the judgment should be reversed for two reasons: (1) that, although no formal consolidation had been made, the two cases had, for all practical purposes, become one and that the alleged disqualification of Judge Noble in case No. 10334 carried over and applied to the companion case;[2] (2) that an illegally obtained confession, introduced at his preliminary examination, motivated his plea of guilty and rendered his conviction thereon void.

Since we have held that Judge Noble was not disqualified in case No. 10334, the argument based on that alleged disqualification obviously fails.

In support of his second argument, defendant relies on: *People v. Enriquez* (1967) 65 Cal.2d 746 [56 Cal.Rptr. 334, 423 P.2d 262]; *People v. Spencer* (1967) 66 Cal.2d 158 [57 Cal.Rptr. 163, 424 P.2d 715]; *Fahy v. Connecticut* (1963) 375 U.S. 85 [11 L.Ed.2d 171, 84 S.Ct. 229]; *Wright v. Dickson* (9th Cir. 1964) 336 F.2d 878; and *United States v. La Vallee* (2d Cir. 1963) 318 F.2d 499.

The cases relied on do not support the contention made to us. In *People v. Spencer*, the illegally obtained confession was introduced at the trial; the appellate court had before it the entire trial transcript; the conclusion that it was the intro-

---

[2] No affidavit of prejudice was filed in case No. 10335.

duction of that confession that induced defendant's later judicial confession was, thus, one made on a record disclosing the actual motivation for defendant's trial tactics. In *Fahy* v. *Connecticut,* the illegally obtained evidence was, again, introduced at the trial. In *People* v. *Enriquez,* a motion to withdraw the guilty plea was made and argued in the trial court, thus creating a record on which the appellate court could determine the motivating effect of the illegally obtained confession.[3] *Wright* v. *Dickson* involved a claim of denial of counsel at the trial, and was a habeas corpus proceeding in which, again, the full situation could be explored. *United States* v. *La Vallee* is, actually, a holding adverse to defendant's position. In that case, as here, there was the bare conclusionary allegation that the plea was motivated by improper police conduct; the holding was that such an allegation, unsupported by facts, was insufficient to vitiate the plea.[4]

We think it clear from the authorities that the claim herein relied on may be considered only in a proceeding where the record affirmatively shows that defendant's plea was entered only because he believed that any hope of a successful defense was foreclosed by reason of evidence in the hands of the police, illegally obtained, which he erroneously believed would be presented against him in court. We have no such showing here. In fact, all the inferences from the record before us are to the contrary. We keep in mind that a confession obtained in violation of *Dorado,* although inadmissible, is not necessarily false and that the same considerations as induced the confession in the first place may well have induced the plea. In the instant case that possibility is buttressed by the fact that a similar confession in case No. 10334 did not deter defendant from there entering a plea of not guilty and twice going to trial on that plea. In case No. 10335 defendant formally stated to the court that he pled guilty because he believed he was guilty. It requires more than the speculation of appellate counsel to lead us to disregard that formal and deliberate admission.

[3] It should be noted that, on such record, the Supreme Court concluded that the illegally obtained confession was not the factor motivating the guilty plea.

[4] In *United States* v. *McMann* (2d Cir. 1965) 349 F.2d 1018, the same circuit court disavowed even the implications of *La Vallee* that could be considered favorable to defendant.

In case No. 10334 the judgment is reversed; in case **No.** 10335 the judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied May 11, 1967, **and** appellant's petition for a hearing by the Supreme Court **was** denied June 28, 1967.