Filed 4/11/14  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C072506 |
| Plaintiff and Respondent, | (Super. Ct. No. 12SCR07723) |
| v. | |
| STEVEN ALLEN JOHNSON, | |
| Defendant and Appellant. | |

Defendant Steven Allen Johnson appeals from a grant of formal probation following a "slow plea" to transportation of methamphetamine.  (Health & Saf. Code, § 11379, subd. (a).)[1]  The parties stipulated and the trial court found that defendant did not transport the methamphetamine with intent to sell, but only for personal use.

After this appeal was filed, the Legislature amended section 11379 to make intent to sell an element of the offense of transportation.  Defendant contends that under the rule

---

[1]  Undesignated section references are to the Health and Safety Code.

1

of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) he is entitled to the benefit of the amended statute, his conviction is therefore invalid, and he cannot be retried under section 11379. The Attorney General agrees. We agree with both parties.

The parties disagree on the remedy, however. Defendant asserts that we must simply vacate his conviction. The Attorney General asserts instead that we should remand the matter to the trial court so that the prosecutor can decide whether to refile the case as a simple possession case. (Cf. *People v. Figueroa* (1993) 20 Cal.App.4th 65, 71 (*Figueroa*).) We agree with the Attorney General.

We therefore reverse and remand for further proceedings consistent with this opinion, as explained in the disposition. (At pp. 6-7, *post*.)

## FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2012, a complaint was filed charging defendant with transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count I), unlawful possession of hypodermic needles and syringes (Bus. & Prof. Code, former § 4140; count II),[2] and being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a); count III).

After the complaint was deemed an information and defendant was arraigned, the parties jointly filed the following statement:

"The Defendant having waived his right to a trial by jury and this case having been set for a Court trial on August 22, 2012 in the Glenn County Superior Court, the parties to this case hereby submit the following stipulated factual statement and agree that the Court may enter its verdict and judgment on said facts:

---

[2] This statute was repealed effective January 1, 2012, before the complaint was filed. (Stats. 2011, ch. 738, § 2.) Since the misdemeanor counts were dismissed pursuant to defendant's slow plea, any issue concerning them is moot.

"On December 30, 2010 Deputy Brazzi and Sgt. Arlin of the Glenn County Sheriff's Office were working a DUI patrol. At approximately 11:45 p.m. they stopped a vehicle travelling on Highway 45, South of Highway 162, in Glenn County, for a lighting violation and expired registration. When contacted by the law enforcement officers, the driver of the vehicle . . . appeared to be impaired. Dep. Brazzi performed several field sobriety tests on the driver and formed the opinion that he was, in fact, impaired. Sgt. Arlin then contacted Willows Police Officer Trent, who was also working the DUI saturation patrol in the area, to take over the DUI investigation. While waiting for Trent, Brazzi contacted the passenger of the vehicle, Steven Johnson, the defendant in this case. Johnson also appeared to Brazzi to be under the influence of a drug. Upon questioning by Brazzi, Johnson admitted having consumed methamphetamine earlier in the day. Brazzi asked Johnson if he had any methamphetamine on him or in the vehicle; Johnson replied that he did not. During this contact Brazzi noted that Johnson had wadded up a packet of cigarettes in his hand. Brazzi asked to see the package. Johnson handed the package to Brazzi and, in response to Brazzi's question as to whether there was anything besides cigarettes in the package, Johnson stated that there might be some methamphetamine in the package as well. Brazzi located a small ziplock baggie inside the cigarette package. The baggie contained a white crystalline substance consistent with methamphetamine. Brazzi also located three syringes in a small metal box on the floorboard on the passenger side of the vehicle. Mr. Johnson acknowledged that the meth and the needles belonged to him.

"The white crystalline substance found on Mr. Johnson was tested by Deputy Brazzi and determined to be methamphetamine, weighing out at 0.9 grams gross weight and was, in Brazzi's opinion, a usable amount. A blood sample was also obtained from Mr. Johnson, which was tested by the California DOJ [Department of Justice] laboratory and which tested positive for methamphetamine (among other drugs)."

In a court trial held on August 22, 2012, the trial court stated that the matter was submitted based on the stipulated factual statement. The parties further stipulated that the misdemeanors should be dismissed and that defendant possessed the methamphetamine for personal use only. The trial court found defendant guilty of "possession [of methamphetamine] from the 11379 position," dismissed counts II and III, and referred the matter to the probation department to determine whether defendant was a candidate for Proposition 36 treatment. On September 12, 2012, the trial court granted defendant formal probation for three years and continued the matter for Proposition 36 review. On November 2, 2012, defendant filed a timely notice of appeal.

## DISCUSSION

At the time of defendant's conviction, section 11379, subdivision (a) provided that, with exceptions inapplicable here, "every person who transports . . . any controlled substance . . . unless upon the prescription of a physician . . . shall be punished by imprisonment . . . for a period of two, three, or four years." Nothing in section 11379 specified any required intent. Case law construed the statute to cover any transportation of a controlled substance with knowledge of its presence and illegal character, regardless of whether the defendant intended to sell the drug. (*People v. Emmal* (1998) 68 Cal.App.4th 1313, 1317; *People v. Eastman* (1993) 13 Cal.App.4th 668, 676-677.)

After defendant's conviction and sentencing, but while his case was pending on appeal, section 11379 was amended inter alia by adding subdivision (c), which provides: "For purposes of this section, 'transports' means to transport for sale." (Stats. 2013, ch. 504, § 2.)

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which

4

it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Estrada*, *supra*, 63 Cal.2d at p. 745.)

The parties agree that under *Estrada* the amendment to section 11379 applies to this case, and so do we. Under the amended statute, defendant's conviction for transportation cannot stand because the parties stipulated and the trial court found that defendant lacked the now requisite intent to sell.

Defendant acknowledges that where a defendant's conviction is contrary to the law or the evidence but the evidence shows he could properly have been convicted of a lesser included offense, this court may reduce the conviction to the lesser offense and affirm the judgment as modified. (Pen. Code, §§ 1181, subd. (6), 1260; *People v. Enriquez* (1967) 65 Cal.2d 746, 749.) Here, defendant's plea admitted the offense of simple possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) But, as defendant points out, possession is not a lesser included offense of transportation under the elements test (*People v. Watterson* (1991) 234 Cal.App.3d 942, 947), and the information in this case did not allege possession, so it may not be deemed a lesser included offense of transportation here under the pleadings test (see *People v. Lopez* (1998) 19 Cal.4th 282, 288-289). Thus, defendant concludes correctly, we may not modify the judgment to a conviction of simple possession. Therefore, in defendant's view, we must vacate his conviction and bar retrial of this matter.

The Attorney General agrees that defendant's conviction must be vacated and that he cannot be retried for transportation: since the trial court has conclusively found defendant did not have the intent to sell, the elements of section 11379 as amended cannot be satisfied. The Attorney General also impliedly concedes that we may not reduce defendant's conviction to a conviction for possession. However, the Attorney General proposes another option: to vacate defendant's conviction and remand the matter

5

to the trial court so that the prosecution may decide whether to refile the case with a charge of simple possession of methamphetamine.  (§ 11377, subd. (a).)  We shall do so.

Where an amendment to a statute under which a defendant was convicted applies retroactively to his benefit under *Estrada* and requires the vacation of his conviction, but the evidence suggests that he could properly be convicted of a lesser offense that is not necessarily included within the originally charged offense, the People are entitled to decide whether they wish to try him on the lesser offense.  To set him free simply because the original conviction is legally unsustainable would constitute a windfall, and double jeopardy does not bar retrial on a lesser offense that was not necessarily included in the originally charged offense.  (Pen. Code, § 1023 [double jeopardy applies only to *necessarily included* lesser offenses]; *People v. Scott* (2000) 83 Cal.App.4th 784, 794-797; see *Figueroa*, *supra*, 20 Cal.App.4th at pp. 69-72 & fn. 2.)

At oral argument, defendant's counsel suggested that the People would confront difficult obstacles in any effort to prosecute defendant on a lesser offense and might be barred by the statute of limitations.  Defendant may be correct—we offer no views on the issue—but the People nonetheless are entitled to try if they decide that is the appropriate course given all the facts and circumstances.  Defendant also orally argued that the People "overcharged" defendant's case by charging transportation when they could have charged simple possession, either alone or as a lesser offense; having failed to do so, they should not now be permitted to cure their mistake.  The simple answer is that at the time the charges were filed, it was not a mistake to charge defendant with transportation alone.  While defendant may believe the People were overreaching, nothing in the language of section 11379 in effect at the time rendered the charge an overreach.  The People cannot be penalized for a lack of clairvoyance in anticipating the later legislative change.

## DISPOSITION

Defendant's conviction and sentence are reversed, and the matter is remanded to the trial court so that the prosecutor may decide whether to charge defendant with simple

6

possession of methamphetamine.  If the prosecutor elects to recharge, the trial court shall proceed accordingly.  If the prosecutor does not do so, the trial court shall dismiss the case.

        RAYE       , P. J.

We concur:

      MAURO      , J.

      DUARTE    , J.