Filed 9/8/14  P. v. Greenway CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JON SCOTT GREENWAY,<br><br>        Defendant and Appellant. | C075640<br><br>(Super. Ct. No. 12F007A) |

A jury found defendant Jon Scott Greenway guilty of felony child endangerment and possession of a controlled substance.  Defendant appeals his conviction for felony child endangerment, arguing the People presented insufficient evidence that the conditions of the home where the child was found were likely to produce great bodily harm or death.  We agree and accordingly reduce defendant's conviction to misdemeanor child endangerment and remand for resentencing.

1

FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2012, Officer Marco Martin, a California highway patrol officer, searched defendant's home pursuant to a search warrant. Officer Martin saw defendant and defendant's three-year-old child when he first went into the home.

Officer Martin found the trailer was generally messy, with the kitchen sink full of dishes. He found a marijuana pipe with burnt residue, a small tray with loose marijuana buds on it, and a closed folding knife all on top of a coffee table in the living room area. The coffee table was about one foot eight inches off the floor. The child was about three feet three inches tall and her reach was just under four feet. Thus, the child had access to the marijuana that was out in the open.

The child's room was very messy as well, with clothes and toys strewn all over the place. There was a partially smoked marijuana cigarette on top of one of the child's dressers. Officer Martin believed the child could have accessed the top of that dresser from her bed.

Officer Martin additionally searched the master bedroom and found a jar of marijuana, a small digital scale that had white residue on it, two methamphetamine pipes on top of a dresser, and a small plastic bindle with a white crystalline substance (later identified by the Department of Justice as methamphetamine). Another dresser in the master bedroom had a jar full of partially smoked marijuana cigarettes and a mirror with a razor blade and white residue on it. There was also a black case found next to the mirror, which contained 11 small plastic bags with white residue inside.

Defendant was charged with receiving stolen property, felony child endangerment, and possession of a controlled substance. The jury found defendant guilty of felony child endangerment and possession of a controlled substance.[1] Defendant was sentenced to

---

[1] The jury was not instructed on misdemeanor child endangerment (CALCRIM No. 823) although defendant had proffered the instruction.

two years for the child endangerment conviction and to a concurrent term of 16 months for the possession conviction.

## DISCUSSION

*There Was Insufficient Evidence Of Felony Child Endangerment*

Defendant challenges the sufficiency of evidence to support his conviction for felony child endangerment. Specifically, defendant contends "there was insufficient evidence that the child's circumstances or conditions in the home on the date alleged in the information were likely to produce or result in great bodily harm or death." We agree and therefore reduce defendant's conviction to misdemeanor child endangerment.

The standard of review is well established. When reviewing the sufficiency of the evidence on appeal, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence, that is, evidence which is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

Penal Code section 273a , subdivision (a) provides in relevant part as follows: "Any person who, under circumstances or conditions *likely to produce great bodily harm or death* . . . having the care or custody of any child . . . willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment." (Italics added.) " ' "Great bodily harm refers to significant or substantial injury and does not refer to trivial or insignificant injury." ' " (*People v. Clair* (2011) 197 Cal.App.4th 949, 954).

Penal Code section 273a, subdivision (a) "is 'intended to protect a child from an abusive situation in which *the probability of serious injury is great*.' " (*People v. Sargent* (1999) 19 Cal.4th 1206, 1216, italics added.) However, there is no requirement " 'that the actual result be great bodily injury.' " (*Ibid.*)

3

The People put forth no evidence at trial to establish that the conditions in which Officer Martin found the child were likely to produce great bodily harm or death. Officer Martin's testimony was the only evidence presented concerning the conditions in which the child was living. The potentially dangerous items he found were some marijuana and a closed folding knife on the coffee table, some more marijuana on a dresser in the child's bedroom, and additional marijuana and white residue on items on a dresser in the master bedroom. He did not testify how and why those findings were likely to produce great bodily injury or death. While this evidence was sufficient to demonstrate that the child was placed in a situation where her person or health might be endangered, and therefore sufficient for a misdemeanor conviction (Pen. Code, § 273a, subd. (b)), it was not sufficient enough to show that the conditions of defendant's home were likely to produce great bodily harm or death.

The People simply presented evidence that drugs were present and could potentially be accessed by the child. There was no evidence presented as to the potential dangerousness of the drugs had the child actually accessed them. Therefore, there was no evidence regarding the likelihood of the child suffering great bodily harm or death.

The People rely heavily on *People v. Perez* (2008) 164 Cal.App.4th 1462 in contending that defendant put the child in a situation likely to produce great bodily harm. The circumstances in *Perez* are similar to the case here, but the defendant in *Perez* was convicted of *misdemeanor* child endangerment, not felony child endangerment. (*Id.* at p. 1467.) Thus, the People's reliance on *Perez* is misplaced and goes against their contention that "the evidence presented to this jury is *only* consistent with circumstances implicating the threat of the more serious harm." (Italics added.)

Additionally, the People direct us to *People v. Toney* (1999) 76 Cal.App.4th 618 in arguing the evidence was sufficient to find that the circumstances were likely to produce great bodily harm. The evidence presented in *Toney* revealed a pail of a "caustic chemical that could melt the skin on contact" and a bucket with cat litter and tubing,

4

"designed to absorb deadly fumes released during the manufacture of methamphetamine." (*Id.* at p. 620). This evidence showed the potential for great bodily harm or death, which is lacking here.

The jury made all the necessary findings for the misdemeanor offense; therefore, rather than reverse defendant's conviction, we reduce the conviction to one for misdemeanor child endangerment. (Pen. Code, § 1260; *People v. Enriquez* (1967) 65 Cal.2d 746, 749.)

DISPOSITION

Defendant's conviction for felony child endangerment is reduced to misdemeanor child endangerment, and the case is remanded to the trial court for resentencing.

                                                      ROBIE                , Acting P. J.

We concur:

            BUTZ               , J.

            DUARTE            , J.