Filed 11/19/20  P. v. Williams CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>PRENTICE TYRELL WILLIAMS,<br><br>     Defendant and Appellant. | B302197<br><br>(Los Angeles County<br>Super. Ct. No. MA075136-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

Prentice Williams's wife was observed passing him a small packet containing 6.6 grams of marijuana while she was visiting him at California State Prison, County of Los Angeles. Williams, serving a six-year state prison term for robbery, pleaded no contest to violating Penal Code section 4573, subdivision (a), which prohibits bringing, or assisting in bringing, any unauthorized controlled substance into a prison or other custodial institution. He was sentenced to serve an additional four-year term as a second strike offender.

On July 24, 2019 Williams petitioned pursuant to Health and Safety Code section 11361.8 for resentencing or dismissal of his marijuana-related conviction on the ground that Proposition 64 (the Control, Regulate, and Tax Adult Use of Marijuana Act), adopted by the voters in November 2016, had, with certain limitations, legalized possession of not more than 28.5 grams of marijuana[1] by persons 21 years of age or older. (Health & Saf. Code, § 11362.1, subd. (a)(1).)

Recognizing the question whether Proposition 64 effectively repealed laws prohibiting possession of marijuana in custodial institutions was before the Supreme Court in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*), the trial court denied Williams's petition, relying on the analysis in *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*), which, unlike *Raybon*, had held Proposition 64 did not affect those laws.

On appeal Williams urges us to adopt the reasoning of *Raybon*, not *Perry*. We need not contribute our voice to that debate. Because Williams entered his plea two years after the

---

[1]    An ounce contains 28.35 grams.

effective date of Proposition 64, he is not entitled to petition for resentencing under Health and Safety Code section 11361.8.  If the Supreme Court ultimately agrees with the court of appeal's analysis in *Raybon*, Williams's proper remedy, if any, will be by way of a petition for writ of habeas corpus.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Underlying Offense and Plea*

Williams was charged in a felony complaint, filed November 19, 2018, with violating Penal Code section 4573, subdivision (a), which prohibits knowingly bringing or sending a prohibited controlled substance into a state prison or other custodial institution or knowingly assisting that act.[2]  Williams

---

[2]     Penal Code section 4573, subdivision (a), provides, "Except when otherwise authorized by law, or when authorized by the person in charge of the prison or other institution referred to in this section or by an officer of the institution empowered by the person in charge of the institution to give the authorization, any person, who knowingly brings or sends into, or knowingly assists in bringing into, or sending into, any state prison, prison road camp, prison forestry camp, or other prison camp or prison farm or any other place where prisoners of the state are located under the custody of prison officials, officers or employees, or into any county, city and county, or city jail, road camp, farm or other place where prisoners or inmates are located under custody of any sheriff, chief of police, peace officer, probation officer or employees, or within the grounds belonging to the institution, any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming a controlled substance, is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."

3

at the time was serving a six-year state prison term for robbery. His wife, Lizbeth Williams, who was not in custody, was charged in the same complaint with furnishing a controlled substance to a state prisoner in violation of Penal Code section 4573.9.

According to the probation officer's preconviction report, Lizbeth Williams was captured by a video surveillance camera on November 17, 2018 exchanging an object with Williams while visiting him on prison grounds. Subsequent investigation determined the object was 6.6 grams of marijuana wrapped in black latex tape.

On December 18, 2018 Williams pleaded no contest to the charge and also admitted he had suffered a prior serious or violent felony conviction within the meaning of the three strikes law. His counsel stipulated to a factual basis for the plea "based on the incident reports and [Williams's] criminal history." Pursuant to a negotiated agreement Williams was sentenced to an additional, consecutive state prison term of four years (the lower term of two years, doubled).

2. *The Petition for Recall and Resentencing*

On July 24, 2019, representing himself and using Judicial Council optional form CR-400, Williams petitioned for recall and resentencing or dismissal of his marijuana-related conviction, checking the box stating, incorrectly, he had been convicted of violating Health and Safety Code section 11357, possession of marijuana.[3] The public defender's office, which had represented Williams at his plea hearing, was notified and thereafter reappointed to represent Williams in connection with the petition for resentencing.

---

[3]     Williams waived his right to have the matter heard by the original sentencing judge.

4

At a hearing on the petition on September 20, 2019 Williams's counsel referred the court to *Raybon, supra,* 36 Cal.App.5th 111, which held possession of less than an ounce of marijuana was no longer a felony even if it occurred within a prison, and which, although under review by the Supreme Court, could nonetheless be considered for its potentially persuasive value under California Rules of Court, rule 8.1115(e). Although stating it believed (mistakenly) that review had also been granted in *Perry, supra,* 32 Cal.App.5th 885 and, therefore, not citing it as controlling authority,[4] the court found *Perry*'s "analysis is akin" and ruled that Proposition 64 "did not legalize the possession of marijuana in prison or otherwise affect the operation of Penal Code section 4573, sub[division] (a)," the statute under which Williams had been convicted. Accordingly, the court denied Williams's petition.[5]

---

[4]    The advisory committee comment to California Rules of Court, rule 8.1115(e)(1), explains, "[W]hen a decision that is pending review conflicts with another published Court of Appeal decision that is not under review, only that other published decision will continue to have binding or precedential effect on the superior court." (Advisory Com. com., 23 pt. 4 West's Ann. Codes, Rules (2020 supp.) foll. rule 8.1115, p. 112.)

[5]    After the court ruled, Williams's counsel asked, "Your Honor, is that without prejudice pending, perhaps, the outcome of the Supreme Court decision?" The court replied, "Well, it's denied. If he wants to reapply and it's retroactive, we can deal with it at that time."

## DISCUSSION

1. *Proposition 64*

    a. *Health and Safety Code section 11362.1*

Prior to passage of Proposition 64 in November 2016, medical use of marijuana was legal under California law, but nonmedical use was illegal. (See Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 2, subd. B, p. 178.) The stated purpose of Proposition 64 was "to establish a comprehensive system to legalize, control and regulate the cultivation, processing, manufacture, distribution, testing, and sale of nonmedical marijuana, including marijuana products, for use by adults 21 years and older, and to tax the commercial growth and retail sale of marijuana." (*Id.*, text of Prop. 64, § 3, p. 179.) The intent of the Act included "[p]ermit[ting] adults 21 years and older to use, possess, purchase and grow nonmedical marijuana within defined limits for use by adults 21 years and older as set forth in [the Act]." (*Id.*, text of Prop. 64, § 3, subd. (*l*), p. 179.)

Cannabis remains identified as a Schedule I controlled substance. (Health & Saf. Code, § 11054, subd. (d)(13).) However, Proposition 64 added section 11362.1 to the Health and Safety Code generally allowing possession, smoking and ingestion of small amounts of marijuana, as well as the cultivation of marijuana plants. Section 11362.1, subdivision (a), states: "Subject to Sections 11362.2 [imposing restriction on personal cultivation of cannabis], 11362.3 [limiting locations where use of cannabis is permitted, including school grounds], 11362.4 [establishing penalties for violating section 11362.3], and 11362.45 [identifying laws not affected by Proposition 64], but notwithstanding any other provision of law, it shall be lawful

6

under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to:  [¶] (1) Possess, process, transport, purchase, obtain, or give away to persons 21 years of age or older without any compensation whatsoever, not more than 28.5 grams of cannabis not in the form of concentrated cannabis; [¶] (2) Possess . . . not more than eight grams of cannabis in the form of concentrated cannabis, including as contained in cannabis products; [¶] (3) Possess, plant, cultivate, harvest, dry, or process not more than six living cannabis plants and possess the cannabis produced by the plants; [¶] (4) Smoke or ingest cannabis or cannabis products; and [¶] (5) Possess, transport, purchase, obtain, use, manufacture, or give away cannabis accessories to persons 21 years of age or older without any compensation whatsoever."[6]

Health and Safety Code section 11362.45 expressly limits the scope of Proposition 64's legalization of marijuana use.  That provision currently reads, in part, "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶]  (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within any other facility or institution referenced in Section 4573 of the Penal Code."[7]  The facilities referred to include state prisons and county jails.  (Pen. Code, § 4573, subd. (a).)

---

[6]  Effective June 27, 2017 Senate Bill No. 94 (2017-2018 Reg. Sess.) changed "marijuana" to "cannabis" throughout Health and Safety Code section 11362.1.  (See Stats. 2017, ch. 27, § 129.)

[7]  Senate Bill No. 94 (2017-2018 Reg. Sess.) changed "marijuana" to "cannabis" throughout Health and Safety Code

7

b.  *Health and Safety Code section 11361.8*

Proposition 64 also established a procedure by which "[a] person currently serving a sentence for a conviction, whether by trial or by open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under [Proposition 64] had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence" in accordance with various provisions of the Health and Safety Code added or amended by Proposition 64.  (Health & Saf. Code, § 11361.8, subd. (a).)  Similarly, a person who has already completed a sentence for a crime who would not have been guilty of an offense or would have been guilty of a lesser offense under Proposition 64 may file an application to have the conviction dismissed and sealed "because the prior conviction is now legally invalid" or to have it redesignated as a misdemeanor or infraction in accordance with provisions of the Health and Safety Code that were amended or added by Proposition 64.  (Health & Saf. Code, § 11361.8, subd. (e).)

2.  *Statutes Restricting Access to and Use of Drugs in Prison*

Penal Code section 4573, which prohibits bringing controlled substances into prisons or jails and is at issue in this case, "appears in part 3, title 5 of the Penal Code, concerning 'Offenses Relating to Prisons and Prisoners.'  [Citation.]  Much like section 4573, several adjacent provisions place restrictions on possessing and importing drugs and other contraband in custody.  (See §§ 4573.5 [knowingly bringing alcoholic beverages, drugs other than controlled substances, or drug paraphernalia into

---

section 11362.45 and made other nonsubstantive language changes to the section.  (See Stats. 2017, ch. 27, § 133.)

prison or jail], 4573.6 [knowingly possessing controlled substances in prison or jail], 4574(a) [knowingly bringing firearms, deadly weapons, or explosives into prison or jail].)" (*People v. Low* (2010) 49 Cal.4th 372, 382; see *id.* at p. 388 ["[s]ection 4573 and similar laws flow from the assumption that drugs, weapons, and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade. Hence, these provisions are viewed as "'prophylactic'" measures that attack the "'very presence'" of such items in the penal system"].) Related provisions of the Penal Code also include sections 4573.5 (bringing alcoholic beverages, drugs other than controlled substances, or drug paraphernalia into prison or jail), 4573.8 (possessing alcoholic beverages, drugs, or drug paraphernalia in prison or jail) and 4573.9 (selling or furnishing controlled substances to any person held in prison or jail).

    3. Perry*, Raybon *and Subsequent Decisions*

    At issue in *Perry*, *supra*, 32 Cal.App.5th 885 and *Raybon*, *supra*, 36 Cal.App.5th 111 was the proper interpretation of Penal Code section 4573.6, which prohibits the unauthorized possession of prohibited controlled substances in prisons and other custodial institutions, and Health and Safety Code section 11362.45, subdivision (d)'s language "pertaining to smoking or ingesting cannabis or cannabis products on the grounds of" prisons and other custodial institutions, which, as discussed, limits the decriminalization of marijuana laws effected by Proposition 64.

    In *Perry* Division Two of the First Appellate District held an inmate's conviction for possession of a controlled substance in prison, predicated on his possession of less than an ounce of marijuana, was not subject to dismissal after the passage of Proposition 64. The court explained the phrase "pertaining to" in

9

Health and Safety Code section 11362.45, subdivision (d), has a "wide reach": "It means 'to belong as an attribute, feature, or function' [citation], 'to have reference or relation; relate' [citation], '[b]e appropriate, related, or applicable to' [citation]." (*Perry*, *supra*, 32 Cal.App.5th at p. 891.) While acknowledging possession was not necessarily an inherent aspect of smoking or ingesting marijuana—"[a] person can smoke marijuana without possessing it, for example, by smoking a joint in the possession of another person" (*id*. at p. 892, citing cases)—the court held possessing marijuana was certainly "*related*" to smoking or ingesting it: "In the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Ibid*.) Accordingly, although possession of less than an ounce of marijuana is no longer generally prohibited by the Health and Safety Code, the court concluded Proposition 64 did not affect Penal Code section 4573.6's prohibition against the possession of marijuana in prison. (*Perry*, at pp. 891-893.)[8]

---

[8] The *Perry* court also analyzed information in the official ballot pamphlet for Proposition 64 to the extent there was any ambiguity concerning the impact of the proposition on possession of marijuana in prison. (*Perry*, *supra*, 32 Cal.App.5th at p. 894.) The court observed, "[T]here is nothing in the ballot materials for Proposition 64 to suggest the voters were alerted to or aware of any potential impact of the measure on cannabis in correctional institutions, much less that the voters intended to alter existing proscriptions against the possession or use of cannabis in those institutions. The only mention of the subject is in the text of the measure itself and, as we have said, states the opposite intent in the strongest of terms." (*Id*. at p. 895.)

Three months after the decision in *Perry*, the Third Appellate District in *Raybon*, also addressing an inmate's conviction for possession of marijuana in prison in violation of Penal Code section 4573.6, came to the opposite conclusion, more narrowly construing the "pertaining to" language. According to the *Raybon* court, the plain meaning of the relevant Penal Code provision and Health and Safety Code section 11362.45, subdivision (d), is clear: The electorate specifically addressed the issue of cannabis in prisons and expressly prohibited use, not possession. (*Raybon*, *supra,* 36 Cal.App.5th at p. 113.) Rejecting the linguistic analysis in *Perry*, the court stated, "[I]t stretches the imagination to conclude that the drafters listed two distinct activities, 'smoking or ingesting,' intending to include a third distinct activity, possession, by using the vague reference 'pertaining to.' This is particularly suspect given that the drafters differentiated smoking or ingesting from possession in other sections and when they wanted to denote possession, they explicitly said so. For example, they indicated that it was still illegal to '[p]ossess, smoke, or ingest cannabis or cannabis products' on school grounds and other similar places." (*Raybon*, at p. 121.)[9]

The Supreme Court denied Perry's petition for review on June 12, 2019. (*People v. Perry* (June 12, 2019, S255148) [2019 Cal. Lexis 4393].)

[9] Addressing the Attorney General's argument that "there is no evidence in Proposition 64's official title and summary, the Legislative Analyst's analysis, or any of the arguments for or against the proposition in the voters' pamphlets of an intent to decriminalize possession of cannabis in prison," the court responded, "The Attorney General glosses over the plain language of the proposition itself, which happens to state the

11

In *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted August 12, 2020, S262935, Division One of the Fourth Appellate District addressed an issue similar to the one presented in *Perry* and *Raybon*:  whether an inmate convicted of violating Penal Code section 4573.8 (unauthorized possession of drugs in prison) based on possession of marijuana is eligible for relief under Health and Safety Code section 11361.8, subdivision (a).  The *Whalum* court concluded the conviction remained a felony after Proposition 64, expressly agreeing with *Perry*'s analysis regarding the scope of Health and Safety Code section 11362.45, subdivision (d).  (*Whalum*, at p. 10.)

Similarly, in *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted October 14, 2020, S264339, a direct appeal from a 2018 felony conviction for possessing marijuana in a jail, the Sixth Appellate District concluded Penal Code section 4573.6, subdivision (a), is a law "pertaining to smoking or ingesting" cannabis in prison or jail; Proposition 64 did not decriminalize the possession of cannabis in a penal institution; and the defendant was properly convicted of the offense.  (*Herrera*, at pp. 985, 995.)

---

voters' intention quite clearly.  Nothing more is needed when the words themselves reflect the voters' intent."  (*Raybon, supra,* 36 Cal.App.5th at p. 124.)  Noting the Attorney General's public policy concerns, the court commented, "The remedy for clearly written language that achieves a dubious policy outcome is not judicial intervention but correction by the people or the Legislature."  (*Id*. at p. 125.)

### 4. *Williams Is Not Eligible for Resentencing Under Health and Safety Code Section 11361.8, Subdivision (a)*

Health and Safety Code section 11361.8, subdivision (a), permits an inmate currently serving a sentence for a marijuana-related offense to petition for recall or dismissal of the sentence if he or she "would not have been guilty of an offense" or "would have been guilty of a lesser offense" had Proposition 64 "been in effect at the time of the offense." That is, it applies to individuals who were properly convicted of an offense at the time, but who would not have been guilty of that offense (either because they were guilty of a lesser crime or not guilty at all) under the law as revised by Proposition 64. Williams does not fit that description: His conduct (assisting his wife in bringing marijuana into a state prison), plea and sentence all occurred after Proposition 64 took effect. Therefore, he is not eligible for resentencing under section 11361.8. (See *People v. Lara* (2019) 6 Cal.5th 1128, 1135 [Proposition 47's resentencing provisions do not apply to a defendant who had not been charged or sentenced prior to the proposition's effective date, regardless of when the alleged offense took place].)

The unavailability of resentencing relief under Health and Safety Code section 11361.8, subdivision (a), does not necessarily leave Williams without any potential remedy if the Supreme Court agrees with his (and *Raybon*'s) view of Proposition 64's effect on marijuana-related offenses involving state prison inmates.

When a trial court takes a conditional plea of guilty or no contest to an accusatory pleading charging a felony, Penal Code section 1192.5, third paragraph, requires the court to "'cause an inquiry to be made of the defendant to satisfy itself that the plea

is freely and voluntarily made, and that there is a factual basis for the plea.'"  (See *People v. Palmer* (2013) 58 Cal.4th 110, 112.)  "'The purpose of the requirement is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged.  [Citation.]  Inquiry into the factual basis for the plea ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead.'"  (*People v. French* (2008) 43 Cal.4th 36, 50; see *People v. Marlin* (2004) 124 Cal.App.4th 559, 571 ["Although not constitutionally required [citation], such an inquiry furthers constitutional considerations attending a guilty plea [citation], protects against the entry of a guilty plea by an innocent defendant, and makes a record in the event of appellate or collateral attacks on that plea. . . .  A sufficient factual inquiry must be considered a necessary component of the legality of the proceedings"].)

Properly framed, Williams's contention is, post-Proposition 64, there was not a factual basis for his plea—that is, under the *Raybon* analysis, the conduct he admitted is no longer a crime, and therefore his conviction and sentence must be reversed.  (Cf. *People v. Collins* (1978) 21 Cal.3d 208, 213 ["Defendant's conviction had not been reduced to final judgment when new section 288a became effective—and under the new section the act that he admitted [oral copulation between consenting, nonprisoner adults], and upon which his guilty plea and conviction were based, was no longer punishable.  It follows that the sentence cannot be allowed to stand"], fn. omitted.)  Whether, in light of the Supreme Court's ultimate decision in *Raybon*, the trial court's inquiry of Williams's defense counsel

14

satisfied its obligation to determine the factual basis for Williams's plea (see generally *People v. Palmer*, *supra*, 58 Cal.4th at p. 118 ["the trial court may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record where, as here, the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice"]); whether his counsel provided Williams constitutionally ineffective assistance by agreeing a factual basis for the plea existed based on "the incident reports"; and whether Williams's conviction for violating Penal Code section 4573, subdivision (a), was a legal impossibility, and therefore invalid, are all questions that must be raised by a petition for writ of habeas corpus. (See *People v. Jerome* (1984) 160 Cal.App.3d 1087, 1095-1096 ["'a defendant is entitled to habeas corpus if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct'"]; see also *People v. Turner* (2020) 45 Cal.App.5th 428, 441, fn. 10.)

## DISPOSITION

The order denying Williams's petition is affirmed.


PERLUSS, P. J.


We concur:



SEGAL, J.                    FEUER, J.


15