[No. A054175. First Dist., Div. Five. Mar. 16, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
TEODOR CANLAS SORIANO, Defendant and Appellant.

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Dane R. Gillette and Gerald A. Engler, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher C. Hall and Malcolm J. Rainsford for Defendant and Appellant.

## OPINION

**KING, Acting P. J.**—In this case we hold that since a trial court's acceptance of a negotiated plea which patently includes a legally impossible admission constitutes an act in excess of its jurisdiction, the validity of such a plea is an issue cognizable on appeal if the procedural requirements of Penal Code section 1237.5 are met.

Teodor Canlas Soriano appeals from a judgment of conviction for offering a forged instrument for record, claiming his plea of nolo contendere was fatally defective.

An information charged Soriano with violating Penal Code section 115 in that he attempted to file a "forged instrument, to wit, a death certificate." In exchange for a plea of nolo contendere, the trial court suspended imposition of sentence and placed Soriano on three years' probation.

The parties agree that Soriano's guilty plea was defective because a death certificate is not an "instrument" within the meaning of Penal Code section 115, i.e., a writing which transfers title to or creates a lien on real property, or gives a right to a debt or duty (*Generes* v. *Justice Court* (1980) 106 Cal.App.3d 678, 682-684 [165 Cal.Rptr. 222]). Soriano maintains he should have been charged with and would have pleaded guilty to forgery (Pen. Code, § 470). The parties agree that unlike a violation of section 115, forgery is a "wobbler" (Pen. Code, § 473) which may be reduced to a misdemeanor upon successful completion of probation (Pen. Code, § 17, subd. (b)(3)).

█ Soriano contends his admission of a factual basis for his plea does not preclude him from challenging it on appeal (*People* v. *Calderon* (1991) 232 Cal.App.3d 930, 935-938 [283 Cal.Rptr. 833] [conviction for attempted murder set aside despite guilty plea where "factual basis" premised on improper application of doctrine of transferred intent]). The Attorney General argues Soriano may not appeal from his conviction following a guilty plea because he has failed to show jurisdictional grounds going to the legality of the proceedings (Pen. Code, § 1237.5).[1]

Penal Code section 1237.5 "essentially provides a screening mechanism through which appeals which raise no cognizable issues may be precluded." (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125 [214 Cal.Rptr. 572].) The relevant question is "what are reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings which survive a plea of guilty." (*Ibid.*) █ "[A] plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility . . . ." (*Ibid.*) A defendant "cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 of the Penal Code." (*People* v. *Brown* (1971) 18 Cal.App.3d 1052, 1055 [96 Cal.Rptr. 476], citation omitted.)

This appeal, however, does not present an impermissible challenge to the sufficiency of the evidence. Rather what we have here is a legal impossibility. Soriano could not have been guilty of violating Penal Code section 115 by attempting to file a forged instrument because, as a matter of law, the writing he was charged with and admitted forging, a death certificate, is not an instrument within the meaning of section 115.

In *People* v. *Jerome* (1984) 160 Cal.App.3d 1087, 1093 [207 Cal.Rptr. 199], defendant contended his plea of guilty to oral copulation with a person under 14 years of age was fatally defective because the complaint expressly alleged the victim was 15 years old. The court held, "Since it was legally impossible to commit the charged crime against the overaged victim, the trial court acted in excess of its jurisdiction when it imposed sentence for that crime." (*Id.* at p. 1094.) In *People* v. *Ellis* (1987) 195 Cal.App.3d 334, 339 [240 Cal.Rptr. 708], the court held a defendant "cannot lawfully admit in the trial court that a felony committed in another jurisdiction includes all of the elements of a California serious felony when, as a matter of law, it

---

[1]At the time Soriano filed his notice of appeal, Penal Code section 1237.5 required only that a defendant who would appeal from a judgment of conviction upon a plea of guilty or nolo contendere file with the trial court "a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (Stats. 1988, ch. 851, §§ 1, 2, pp. 2763-2764.)

does not." The court differentiated between the admission of "experiential fact" (concerning defendant's conduct), and the admission of a "conclusive legal falsehood." (*Id.* at p. 342.) Citing *Jerome,* the court concluded that imposition of a prior serious felony enhancement (Pen. Code, § 667, subd. (a)) in this case was an unlawful act in excess of the trial court's jurisdiction. "Faced with such an unlawful plea bargain, a trial court should withhold approval of the bargain." (195 Cal.App.3d at p. 342, citations omitted.)

Under the rationale of *Jerome* and *Ellis,* the issue raised here is jurisdictional and therefore cognizable on appeal after a guilty plea.[2] Contrary to the Attorney General's suggestion, *Ellis* does not require, in order to preserve the issue, that Soriano allege the trial court acted without jurisdiction in the fundamental sense rather than merely in excess of jurisdiction. (3) Rather, the distinction the *Ellis* court made was that where fundamental jurisdiction is lacking, it cannot be conferred by consent or estoppel, whereas consent or estoppel can supply jurisdiction for an act undertaken by the trial court merely in excess of its statutory power. (*People v. Ellis, supra,* 195 Cal.App.3d at p. 343.)

Whether a defendant who has sought action in excess of the trial court's jurisdiction is estopped to complain of that action depends on various considerations of public policy. (*In re Griffin* (1967) 67 Cal.2d 343, 347-348 [62 Cal.Rptr. 1, 431 P.2d 625].) The *Ellis* court expressed "no doubt that strong public policy countenances against allowing defendants to plead guilty to crimes they did not commit." (*People v. Ellis, supra,* 195 Cal.App.3d at p. 345.) On the other hand, "the law also has a strong interest in seeing to it that defendants do not unfairly manipulate the system to obtain punishment far less than that called for by the statutes applicable to their conduct." (*Ibid.*) Thus where defendant pleaded guilty to two felony counts and admitted that her prior federal conviction for bank robbery satisfied California's serious felony statute, in exchange for dismissal of eleven counts and a sentence of no more than nine years, the court held she was estopped to attack the legally erroneous admission and the five-year prison term enhancement. (*Id.* at pp. 337, 347.)

In reaching this conclusion, the *Ellis* court considered that defendant's federal felony offense did involve serious, dangerous conduct, and that the record showed plausible tactical reasons for her decision to admit the prior

---

[2]In both *Jerome* and *Ellis* defendants' failure to file a certificate of probable cause as Penal Code section 1237.5 then required precluded appeal, but both courts treated the appeal as a petition for writ of habeas corpus in order to reach the merits, precisely because the issue was jurisdictional. (*People v. Jerome, supra,* 160 Cal.App.3d at pp. 1094-1095, *People v. Ellis, supra,* 195 Cal.App.3d at p. 338.) Inexplicably, the *Calderon* court was, as the Attorney General puts it, "wholly silent on this point."

after an initial motion to strike on the very grounds she raised on appeal. (195 Cal.App.3d at pp. 337, 346-347.) There are no similar considerations in this case. Soriano is neither trifling with the courts (*id.* at p. 343) nor attempting to have it both ways (*id.* at p. 347), nor are there any other public policy considerations favoring estoppel.

Soriano has properly challenged his plea of nolo contendere on appeal and the Attorney General concedes it was defective.

The judgment is reversed and remanded to the trial court to amend the information and for further proceedings upon the amended information.

Haning, J., and Rouse, J.,* concurred.

A petition for a rehearing was denied April 10, 1992.

---

*Retired Associate Justice of the Court of Appeal, First District, sitting under assignment by the Chairperson of the Judicial Council.