Filed 11/13/13  P. v. Brown CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>IBRAHIM BROWN,<br><br>    Defendant and Appellant. | E058752<br><br>(Super.Ct.Nos. RIF1102773 & INF1100890)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan and John D. Molloy, Judges.  Affirmed.

Patrick DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

**STATEMENT OF THE CASE**

On April 18, 2011, in case No. INF1100890 (case 1), a felony complaint charged defendant and appellant Ibrahim Brown with burglary (Pen. Code, § 459, count 1); receiving stolen property (Pen. Code, § 496, subd. (a), count 2); and evading a peace officer (Veh. Code, § 2800.2, count 3). The complaint also alleged two strike priors. (Pen. Code, §§ 667, subds. (c), (e)(2)(A), 1170.12, subds. (c)(2)(a).)

On June 30, 2011, in case No. RIF1102773 (case 2), a felony complaint charged defendant with assault with a deadly weapon other than a firearm (Pen. Code, § 245, subd. (a)(1), count 1); inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a), count 2); and two counts of misdemeanor child endangerment (Pen. Code, § 273a, subd. (b), counts 3 & 4). The complaint also alleged two prior prison term allegations (Pen. Code, § 667.5, subd. (b)), and two strike priors (Pen. Code, §§ 667, subd. (c), (e)(2)(A), 1170.12, subd. (c)(2)(a)).

On July 13, 2012, defendant requested a *Marsden*[1] hearing. The matter was transferred to another department to hear the motion. The court subsequently denied the motion. The same date, the matter was transferred back to the original courtroom for trial. The trial court reconsidered defendant's petition to proceed in pro. per. This time, the trial court granted defendant's request.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

2

Later that day, the parties entered into plea agreements involving both cases. In case 1, defendant pled guilty to burglary (Pen. Code, § 459, count 1), receiving stolen property (Pen. Code, § 496, subd. (a), count 2), and evading a peace officer (Veh. Code, § 2800.2, count 3). He also admitted one strike prior allegation. (Pen. Code, §§ 667, subd. (c), (e)(2)(A), 1170.12, subd. (c)(2)(a).)

In case 2, defendant pled guilty to assault with a deadly weapon other than a firearm (Pen. Code, § 245, subd. (a)(1), count 1), and admitted one prior prison term allegation (Pen. Code, § 667.5, subd. (b)), and one strike prior allegation (Pen. Code, §§ 667, subd. (c), (e)(2)(A), 1170.12, subd. (c)(2)(a)).

On December 5, 2012, defendant sent a letter to the court asking to withdraw his guilty pleas. New counsel was appointed. On December 18, 2012, formal motions to withdraw defendant's pleas were filed in each case. On January 11, 2013, the People filed oppositions to the motions. On April 23, 2013, the motions were denied.

On May 10, 2013, at the sentencing hearing, the trial court indicated that defendant's principle case was Los Angeles County case No. KA094247. Defendant was then sentenced pursuant to the terms of his plea agreements.

In case 1, defendant was sentenced to a term of four years in state prison. Defendant was awarded credit for time served consisting of 516 days (344 actual days, plus 172 days of conduct credit). The sentence was ordered to run consecutive to case 2 and the Los Angeles County case. The court also imposed various fines and fees. All remaining counts and allegations were dismissed.

3

In case 2, defendant was sentenced to a term of three years in state prison. Defendant was awarded credit for time served consisting of 516 days (344 actual days, plus 172 days of conduct credit). The sentence was ordered to run consecutive to case 1 and the Los Angeles County case. The court also imposed various fines and fees. All remaining counts and allegations were dismissed.

On May 16, 2013, defendant filed notices of appeal based on the sentence or other matters occurring after the pleas, which do not affect the validity of the pleas.

**STATEMENT OF FACTS**

As the factual basis for his plea in case 1, defendant admitted that on February 27, 2011, he unlawfully entered a building located at James Workman Middle School in Cathedral City with the intent to commit a felony. He also admitted that he unlawfully received an Apple iMac laptop computer knowing that this property had been obtained by theft and did conceal this property from its owner. Defendant further admitted that on the same day, he willfully evaded a peace officer driving a marked vehicle with willful and wanton disregard for the safety of persons and property. Defendant finally admitted that on or about June 5, 2002, he had been convicted of the crime of burglary. (Pen. Code, §§ 459, 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(a).)

In case 2, defendant admitted that on January 26, 2006, he willfully and unlawfully committed an assault upon Jane Doe by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(1).) He also admitted that on November 29, 2005, he had been convicted of the crime of second degree burglary with a criminal street gang enhancement. (Pen. Code, §§ 459, 186.22, subd. (a).) Defendant also admitted one

4

prior prison term allegation and one strike allegation. (Pen. Code, §§ 667.5, subd. (b), 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(a).)

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On September 10, 2013, defendant filed a two-page handwritten brief. In his brief, it appears that defendant is arguing that double jeopardy applies to his convictions; he is innocent; the district attorney was not honest with defendant regarding presentence credits; and his guilty pleas were not made freely or voluntarily.

We first address defendant's substantive arguments. We note that defendant failed to obtain a certificate of probable cause. In *People v. Soriano* (1992) 4 Cal.App.4th 781, the court held that a trial court lacks jurisdiction to accept a no contest or guilty plea, which involves a "legally impossible admission." (*Id.* at pp. 783-786.) In that case, the defendant pleaded no contest to attempting to file a forged instrument, specifically a death certificate, in violation of Penal Code section 115. A death certificate is not an "instrument" as defined in Penal Code section 115, however, thus rendering defendant's admission a legal impossibility. (*People v. Soriano*, at pp. 783-784.) However, the court expressly stated that a defendant may raise substantive contentions on appeal from a

5

guilty plea only if the procedural requirements of Penal Code section 1237.5 pertaining to certificates of probable cause are met. (*People v. Soriano*, at pp. 783-785 & fns. 1 & 2; see also *People v. Panizzon* (1996) 13 Cal.4th 68, 76 [in the absence of a certificate of probable cause, any issues pertaining to the validity of the plea are not cognizable on appeal].) Here, defendant did not obtain a certificate of probable cause. Accordingly, the issue is not cognizable on appeal.

Next, we address defendant's argument that the district attorney lied to him about awarding him "day-for-day credits" if he pled guilty. In this case, defendant received 516 days of presentence credit (344 actual days and 172 days of conduct credit) in both case 1 and case 2, pursuant to the terms of the plea agreement. At the sentencing hearing, the trial court expressly stated: "So then is it stipulated on these two cases that the gentleman has credit for time served of 344 actual days, 172 [days of Penal Code section] 4019 time?" Both the prosecutor and defense counsel stated, "Yes. So stipulated." During this exchange, defendant did not mention that the prosecutor had promised more presentence credit. In fact, as the court pointed out, without the stipulation, defendant did not qualify for any presentence credit: "The Court will accept that stipulation noting for the record that the defendant, but for the stipulation, would be entitled to absolutely no credits. He is a sentenced prisoner in another jurisdiction the entire time that he has been in custody on these two cases. He has—he was transported from state prison. And so he was not as a matter of law entitled to any credits on these two cases." We, therefore, reject defendant's argument.

6

We have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER    
Acting P. J.

We concur:

RICHLI    
   J.


CODRINGTON   
   J.

7