Filed 7/5/22 P. v. Churchill CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C095567 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20F5297, 20F8072, 21F3977, 21F6684, 21F7242) |
| v. | |
| DOMINIC PATRICK CHURCHILL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dominic Patrick Churchill filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a supplemental brief raising several issues. After reviewing the entire record, we find no arguable error that would result in a disposition more favorable to defendant and affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves five separate cases that were resolved in a plea agreement. In case No. 20F5297, the prosecution charged defendant with vandalism. (Pen. Code, § 594, subd. (b)(1).)[1] In case No. 20F8072, the prosecution charged defendant with a hit and run causing death or serious injury. (Veh. Code, § 20001, subd. (b)(2).) In case No. 21F3977, the prosecution charged defendant with a single count of first degree burglary (§ 459), which the prosecution alleged was a serious and violent felony. (§§ 1192.7, subd. (c)(18), 667.5, subd. (c)(21).) In case No. 21F6684, the prosecution charged defendant with attempted second degree burglary (§§ 664, 459), vandalism (§ 594, subd. (b)(1)), second degree burglary (§ 459), and receiving stolen property. (§ 496, subd. (a).) In case No. 21F7242, the prosecution charged defendant with assault with a deadly weapon (§ 245, subd. (a)(1)), second degree robbery (§ 211), resisting an executive officer (§ 69), and misdemeanor presenting false identification to a peace officer. (§ 148.9, subd. (a).) In case Nos. 20F8072, 21F3977, and 21F7242, the prosecution also alleged the offenses occurred while defendant was released on bail (§ 12022.1).

Defendant pleaded no contest to the hit and run count in case No. 20F8072; the first degree burglary count, with the serious felony allegation, in case No. 21F3977; the second degree burglary count in case No. 21F6684; and assault likely to cause great bodily injury (§ 245, subd. (a)(4)) and grand theft (§ 487, subd. (c)), lesser included charges, in case No. 21F7242. The plea agreement anticipated a nine-year four-month sentence, composed of a six-year term in case No. 21F3977; a one-year term in case No. 20F8072; an eight-month term in case No. 21F6684; and a one-year term for the assault count, and an eight-month term for the theft count, in case No. 21F7242.

---

[1] Undesignated statutory references are to the Penal Code.

In the agreement, the prosecution agreed to dismiss case No. 20F5297 and the balance of charges and allegations in the other four cases. Defendant agreed he had a full opportunity to discuss with his attorney the facts of his cases, the elements and defenses of the charged offenses, and anything else he thought was important to his cases. The parties agreed the relevant sheriff and police reports could form the factual basis for the plea.[2]

The trial court imposed a sentence of nine years four months, consistent with the terms of the plea agreement. The court also imposed a $300 restitution fine for each case (§ 1202.4, subd. (b)); a $300 parole revocation restitution fine for each case, suspended pending revocation of parole (§ 1202.45); $40 court operations assessments for each count (§ 1465.8); and $30 criminal conviction assessments for each count. (Gov. Code, § 70373.) The court reserved jurisdiction over victim restitution, and defendant later stipulated to pay restitution.

Defendant filed a notice of appeal with a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.

Defendant filed a supplemental brief raising several issues. Defendant argues the factual basis for the plea to the first degree burglary count was inadequate because the residence he burglarized was a home that he shared with his father and grandmother.

---

[2] The sheriff and police reports are not included in the record on appeal and defendant waived any presentencing investigation in favor of immediate sentencing.

Defendant asserts it is impossible to burglarize his own residence, and the plea agreement is thus invalid as a legal impossibility.

Generally, a guilty or no contest plea "precludes appellate consideration of issues related to guilt or innocence, including the sufficiency of the evidence to support the conviction." (*People v. Palmer* (2013) 58 Cal.4th 110, 114.) But, a defendant may "assert that his admission included a legal impossibility," even after such a plea. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1365; see e.g., *People v. Soriano* (1992) 4 Cal.App.4th 781, 784 [finding no contest plea defective where defendant admitted to filing a forged instrument under section 115 when "the writing he was charged with and admitted forging . . . is not an instrument within the meaning of section 115"]; *People v. Richardson* (2021) 65 Cal.App.5th 360, 371-374 [setting aside no contest plea to human trafficking of a minor where victim was not a minor].)

Defendant's plea did not include any such legal impossibility. An individual may, in fact, burglarize his own residence if he lacked the unconditional possessory right to enter it. (*People v. Gill* (2008) 159 Cal.App.4th 149, 161 [affirming burglary conviction for burglary of family home]; *People v. Ulloa* (2009) 180 Cal.App.4th 601, 610 [affirming burglary conviction for burglary of apartment for which defendant was listed on lease as cotenant].) Thus, defendant's no contest plea to first degree burglary was permissible and the trial court did not err in approving the plea agreement.

To the extent defendant contends the factual basis for his plea was insufficient because the trial court did not perform "an independent analysis" of the factual basis, we also see no error. Under section 1192.5, the trial court must "make *an inquiry* to satisfy itself that there is a factual basis for a conditional plea of guilty or no contest." (*People v. Palmer, supra*, 58 Cal.4th at p. 118, original italics.) "[A] 'stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute . . . .' [T]he 'better approach' in this circumstance is for counsel's stipulation to include reference to a particular document that provides an adequate factual basis . . . ." (*Ibid.*) Here, the trial

4

court followed precisely the approach laid out in *Palmer* and solicited stipulations from both counsel referring to specific documents, the relevant sheriff and police reports, to obtain a factual basis for the plea. More was not required.

Defendant further challenges the court's order awarding victim restitution, saying the trial court failed to consider his ability to pay, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). As an initial matter, this issue was forfeited. Defendant concedes his counsel did not raise the issue of his ability to pay before the trial court; defense counsel told defendant he "could get a prison job and therefore he had the ability to pay." Defendant's sentencing hearing was held on November 30, 2021, and the restitution hearing was held on December 13, 2021, long after the decision in *Dueñas*. Defendant stipulated to pay victim restitution without raising an objection, and the challenge was thus forfeited. (*People v. Nelson* (2011) 51 Cal.4th 198, 227 [failure to object to restitution fine forfeits challenge].)

And, defendant's challenge is directed at the victim restitution order, which was issued in response to a request by the prosecution for victim restitution under section 1202.4, subdivision (f), unlike *Dueñas*, which concerned a restitution fine under section 1202.4, subdivision (b). (*Dueñas, supra*, 30 Cal.App.5th at p. 1169.) Section 1202.4, subdivision (g) specifically provides that "[a] defendant's inability to pay shall not be a consideration in determining the amount of a restitution order." Thus, "[t]he principles articulated in *Dueñas* have not been extended to a victim restitution payment under section 1202.4, subdivision (f)." (*People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 859; accord, *People v. Abrahamian* (2020) 45 Cal.App.5th 314, 338 ["*Dueñas* does not apply to victim restitution under section 1202.4, subdivision (f)"]; *People v. Evans* (2019) 39 Cal.App.5th 771, 777 ["Based on the significant differences in purpose and effect between victim restitution and the moneys at issue in *Dueñas*, we decline to extend the rule of *Dueñas* to victim restitution"].)

Finally, defendant asserts he received ineffective assistance of counsel, both because defense counsel did not investigate his case and discover that he had been accused of burglarizing his own residence, and because counsel did not raise an objection about his ability to pay the victim restitution order. To establish ineffective assistance of counsel, the defendant has the burden of demonstrating that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and he or she was prejudiced by that deficiency. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.] If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." [Citations.]' " (*Ibid*.)

Here, neither action cited by defendant caused any prejudice. As explained above, defendant could be convicted of burglary for burglarizing his legal residence. Thus, it would have made little difference if counsel had further investigated defendant's living situation. Similarly, there was no basis for defendant to object to the victim restitution order based on his ability to pay. First, as noted, the restitution was awarded under section 1202.4, subdivision (f), for which the ability to pay is irrelevant. And second, defendant acknowledges that his counsel provided an explanation why he did not want to raise an ability to pay objection, saying defendant actually had the ability to pay. Defendant's objection thus had no legal or factual basis, and defense counsel was not required to make a futile objection to provide effective assistance. (*People v. Anderson* (2001) 25 Cal.4th 543, 587.) We conclude defendant has failed to carry his burden to establish that trial counsel provided inadequate representation.

6

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

                                       _____KRAUSE_____, J.

We concur:

_____MAURO_____, Acting P. J.

_____EARL_____, J.