Filed 5/22/24  P. v. Guillen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099481 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2013-0006194, SF123705A) |
| v. | |
| ALBERTO GUILLEN, | |
| Defendant and Appellant. | |

Penal Code section 1172.1 provides the court may recall a sentence and resentence a defendant "at any time upon the recommendation of the secretary" of California's Department of Corrections and Rehabilitation (CDCR).  (Pen. Code, § 1172.1, subd. (a)(1).)[1]  When the court recalls a sentence pursuant to section 1172.1, it shall "resentence the defendant in the same manner as if they had not previously been

---

[1]     Undesignated statutory references are to the Penal Code.

1

sentenced," and "shall apply . . . any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(1), (2).) A defendant is not entitled to seek resentencing on their own motion. (§ 1172.1, subd. (c).)

Defendant Alberto Guillen appeals from an order denying his request to join in what he deems to be a recommendation for resentencing pursuant to section 1172.1. The trial court found CDCR did not recommend resentencing and defendant had no standing to make such a request on his own, and it thus left defendant's original sentence in full force and effect. We agree with the trial court.

## FACTUAL BACKGROUND

In late 2011, defendant began serving a state prison sentence for two cases about which we have almost no information.[2] These two cases are *not* the subject of this appeal.

In August 2013, defendant was charged in the present case with one count of attempted murder and several counts related to assault by an inmate on another inmate, along with various enhancements. In December 2013, he pled guilty to one count of assault and admitted the assault was committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1), and all other counts and enhancements were dismissed. He was sentenced to the middle term of four years for the assault and the middle term of three years for the gang enhancement, for a total term of seven years to be served consecutive to all other sentences. He was also given 365 days of credit for time in custody, and it is this credit that is the genesis of this appeal.

On April 14, 2023, almost 10 years after defendant was sentenced in this case, a CDCR case records manager sent a letter to the trial court stating the abstract of judgment

---

[2] We know the case numbers (CC947347 & CC946762); that they were from Santa Clara County; and that one of the cases (CC947347) involved a conviction by plea for manslaughter.

and/or minute order "may be in error" because defendant was already serving a period of incarceration for the two other cases noted above, and thus was not entitled to credit for time in custody pursuant to *In re Rojas* (1979) 23 Cal.3d 152.[3]  Citing *People v. Hill* (1986) 185 Cal.App.3d 831, CDCR's letter also stated, "When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices."

On May 11, 2023, defendant filed a motion to "join with the Secretary of the Department of Corrections and Rehabilitation in moving this court to recall his previously imposed sentence and resentence him pursuant to Penal Code section 1172.1, Penal Code section 186.22(e)(2), and Penal Code section 1385."  Section 186.22, subdivision (e)(2)'s amendments were operative January 1, 2023, and provide, "The currently charged offense shall not be used to establish the pattern of criminal gang activity," and section 1385 allows the court to strike or dismiss an enhancement in furtherance of justice.  Defendant argued the preliminary hearing transcript demonstrated the prosecutor relied on the charged offense to establish the pattern of criminal gang activity, which is no longer permissible.  He thus asked the court to recall his sentence and resentence him under the current law, to strike the gang enhancement due to insufficient evidence in the interest of justice, and to reduce his sentence from seven years to four years.  He acknowledged he had agreed to four years for the assault plus three years for the gang enhancement, and that "[a]t the time of his plea, the prosecution could use the current charged offense to establish a pattern of criminal activity."

---

[3]      *In re Rojas* held section 2900.5 does not entitle a criminal defendant to credit towards their sentence for a period of presentence time spent in custody if, during that same period, the defendant was simultaneously serving a prison term for a prior unrelated offense.  (*In re Rojas, supra*, 23 Cal.3d at p. 154.)

The People opposed the motion, arguing CDCR's letter did not constitute a recommendation to recall defendant's sentence pursuant to section 1172.1, and the court thus lacked jurisdiction to do so.

A hearing was held on August 7, 2023. At the hearing, defense counsel stated he viewed CDCR's letter as "akin to a 1172.1 recommendation for recalling and resentence." The court stated it did not "think that particular letter from CDCR [was] the same as an 1172.1 request" because such requests were "much different" and they usually "include[d] attachments" and asked the court to "look at the conduct since the person was committed." The deputy district attorney agreed with the trial court and argued CDCR's letter was "not a 1172.1 recommendation for recall and resentencing." She also acknowledged "technically [defendant] should not have been earning credits on this case," but she speculated the parties may have agreed to give him credits in order "to get to an amount of time that all the parties felt was appropriate."[4] She then stated: "I think we need to parse out the illegal sentence from the credits issue. An illegal sentence is a different issue than whether or not the credit is correct. And in this case, the sentence itself was not illegal, the sentence was proper. The triads are appropriate and this was an agreed-upon disposition, so there's no issue with the sentence itself." She ultimately asked the court to "just leave [the sentence] alone" and give defendant the 365 days of custody credit.

The court took the matter under submission and issued a ruling on September 18, 2023. It found CDCR's letter did not constitute a recommendation for recall and

---

**4** We note that the transcript of the 2013 plea and sentencing hearing no longer exists, so we do not know whether credits were a material part of the plea agreement. We also note that if defendant was not entitled to custody credits, then the court could not award them as part of a plea agreement. (See *People v. John* (2019) 36 Cal.App.5th 168, 175-176 ["An illegal plea bargain is null and void"]; *People v. Soriano* (1992) 4 Cal.App.4th 781, 785 [court may not approve unlawful plea bargain].)

4

resentencing under section 1172.1 and defendant had no standing to file such a request on his own. It thus denied defendant's request for resentencing under section 1172.1. As for "the correction of the credits," the court stated it would not remove the 365 days of credit because they were given as part of the negotiated resolution of defendant's case. It explained, "When these matters come back after so long, I'm never inclined to make any change that would be more burdensome for the defendant, especially when it appears to me that was a negotiated resolution." It thus ruled the original sentence remained "in full force and effect."

Defendant filed a notice of appeal on September 19, 2023.

## DISCUSSION

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) In this case, execution of defendant's sentence commenced in 2013. Thus, under the common law, the trial court had no jurisdiction to resentence defendant in 2023. And, if the trial court had no jurisdiction to resentence defendant, then its order denying resentencing " 'is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634; see also *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [because trial court lacked jurisdiction to modify the defendant's sentence, order denying motion to modify is not an appealable order].) Citing these rules, the People argue the trial court had no jurisdiction to resentence defendant, and its order declining to do so is thus nonappealable and this appeal must be dismissed. We agree.

There are exceptions to the common law rule that the trial court is deprived of jurisdiction to resentence a defendant once execution of the sentence has commenced, and section 1172.1 is one such exception. (*People v. King, supra*, 77 Cal.App.5th at p. 637.) At the time of the events giving rise to this appeal, it provided, "When a defendant, upon conviction for a felony offense, has been committed to the custody of the

5

Secretary of the Department of Corrections and Rehabilitation . . . , the court may, within 120 days of the date of commitment on its own motion [or] at any time upon the recommendation of the secretary . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."[5]  (Former § 1172.1, subd. (a)(1).) Our Supreme Court has explained this section "empowers a trial court to recall and vacate a prison sentence after commitment, but with two stated limitations.  First, the power may be exercised only upon the court's own motion, or upon recommendation of the [Secretary] of [the Department of] Corrections [and Rehabilitation] . . . .  Second, in order to recall a sentence on its own initiative, the court must act within 120 days after it committed the defendant to prison."  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456.)

Here, the trial court had long since lost the power to resentence defendant on its own initiative, and thus could only act upon the recommendation of the Secretary of CDCR.  The trial court found CDCR's April 14, 2023, letter was not a recommendation for resentencing by the Secretary of CDCR made pursuant to section 1172.1, and we agree.  The letter was sent by a CDCR "correctional case records manager."  Section 1172.1, however, is very clear that the recommendation must be made by the Secretary of CDCR.  (See *People v. Codinha* (2023) 92 Cal.App.5th 976, 987 [letter from CDCR not a recommendation for resentencing pursuant to § 1172.1 because, among other things, it "was from a case records manager, not the secretary"].)  Moreover, the letter does not mention, cite, or quote section 1172.1, and it does not recommend that the trial court

---

[5]  Section 1172.1 was amended effective January 1, 2024, to allow the court to recall a defendant's sentence on its own motion "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  Neither party mentions this amendment nor suggests it applies in this case.

recall defendant's sentence and resentence him under the current law. Indeed, the letter does not contain the words "recall" or "resentence" or any variations thereof. In *People v. Magana* (2021) 63 Cal.App.5th 1120, the court found a similar letter from CDCR did not constitute a recommendation that a defendant's sentence be recalled because it did not reference section 1172.1, it did not use the terms "recall" or "resentencing," and it merely asked the trial court "to determine whether 'a correction is required.' " (*Magana*, at p. 1125; see also *People v. Humphrey* (2020) 44 Cal.App.5th 371, 373, 378 [letter from CDCR stating abstract of judgment " 'may be in error' " "made no reference to the court's authority to recall the defendant's sentence under section [1172.1]"].) Because we agree there was no recommendation from the Secretary of CDCR to recall defendant's sentence, we also agree the trial court had no jurisdiction to resentence defendant pursuant to section 1172.1. Thus, to the extent defendant is appealing the trial court's denial of his attempt to join in a recommendation the Secretary of CDCR did not make, that appeal is from a nonappealable order and must be dismissed.

Defendant argues in the alternative that even if we find CDCR's letter was not a recommendation to recall his sentence and resentence him pursuant to section 1172.1, the trial court nonetheless had jurisdiction to correct the unauthorized portion of the sentence (i.e., the award of custody credits) and to reconsider the entire sentence in light of changes in the law. We disagree.

As noted above, *In re Rojas* held a defendant is not entitled to custody credits for a period of presentence time spent in custody if they were serving a prison term for a prior unrelated offense during that same period. (*In re Rojas, supra*, 23 Cal.3d at p. 154.) Defendant acknowledges he was given 365 days of custody credit to which he was not entitled pursuant to *In re Rojas*, and he characterizes this portion of his sentence as unauthorized. Defendant then cites *People v. Codinha, supra*, 92 Cal.App.5th 976 and *People v. Hill, supra*, 185 Cal.App.3d 831 to support his argument that whenever CDCR discovers an unauthorized sentence and brings it to the trial court's attention, the trial

7

court has jurisdiction to both (1) correct the unauthorized portion, and (2) reconsider all components of the sentence. Even if we were to agree the trial court had jurisdiction in this case to correct an unauthorized portion of defendant's sentence, we are not persuaded it had jurisdiction to reconsider all components of the sentence.

We note first there is a split of authority as to whether a trial court has jurisdiction to correct an unauthorized sentence at any time (and neither party mentions this split). In *People v. King, supra*, 77 Cal.App.5th 629, for example, the appellate court recently held a trial court does *not* have jurisdiction to consider a motion to modify a purportedly unauthorized sentence where the motion was filed long after the conviction became final and the time to appeal had run. (*Id*. at pp. 633-634, 637.) The *King* court found the so-called unauthorized sentence rule was an exception to the waiver doctrine (i.e., the doctrine that only those claims raised below are reviewable on appeal) and did not independently confer jurisdiction on a trial court to modify an unauthorized sentence once execution has begun.[6] (*King*, at pp. 635-636.) *People v. Codinha, supra*, 92 Cal.App.5th 976 disagreed with *King* and held, "A trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention." (*Id.* at p. 990; see *id.* at p. 992.) We need not resolve this split, however, because even if we were to follow *Codinha* rather than *King*, *Codinha* limited its holding to cases where "the error is apparent from the face of the record" (*Codinha*, at p. 990), and the error in this case is not apparent from the face of the record.[7] *Codinha* thus does not provide support for defendant's argument that the trial

---

[6]     *King* noted a defendant could challenge an unauthorized sentence by habeas corpus petition. (*People v. King, supra*, 77 Cal.App.5th at pp. 640-641.)

[7]     It is clear from the face of the record that defendant was incarcerated at some point in time for an unrelated crime (i.e., because he pled guilty to assault by a prisoner on another prisoner), but it is not clear whether he was incarcerated for that other crime during the period for which he was awarded custody credits in this case.

8

court had jurisdiction to modify his sentence. *People v. Hill* also provides no support for defendant's argument, because in that case the trial court had jurisdiction to resentence the defendant pursuant to the precursor to section 1172.1. (*People v. Hill, supra*, 185 Cal.App.3d at p. 834.)

Moreover, even if we were to find the trial court had jurisdiction to correct an unauthorized portion of defendant's sentence, it does not necessarily follow that the trial court also had jurisdiction to resentence him on all counts. Pursuant to the full resentencing rule, "when part of a sentence is stricken on review, on remand for resentencing '*a full resentencing for all counts is appropriate, so the trial court can exercise its **sentencing discretion** in light of the changed circumstances.*' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893, italics & bolding added.) "The general rule is that on remand for resentencing the trial court is '[n]ot limited to merely [correcting] illegal portions' and '*may reconsider all **sentencing choices**.*' " (*People v. Codinha, supra*, 92 Cal.App.5th at p. 994, italics & bolding added.) As the emphasized portion of these quotes demonstrates, the full resentencing rule applies when the court must exercise its sentencing discretion or make sentencing choices. Here, the only part of the sentence that needs to be corrected is the custody credits. The calculation of such credits, however, "is not discretionary and there are no 'choices' " for the trial court to make. (*People v. Aguirre* (1997) 56 Cal.App.4th 1135, 1139; see also *People v. Jack* (1989) 213 Cal.App.3d 913, 917 ["the trial court exercises no discretion when determining the days of presentence custody"].) In this sense, an error in the award of custody credits is more akin to a clerical error, which even defendant acknowledges may be corrected without a full resentencing. (*People v. Humphrey, supra*, 44 Cal.App.5th at p. 379 ["trial court has inherent power to correct clerical errors in its record" and may "resentence a prisoner by amending the judgment to correct its original, erroneous calculation of his presentence credits"].) Indeed, defendant cites no case where an error in the calculation of custody credits triggered a full resentencing. Instead, such errors are frequently

9

corrected by appellate courts on their own, without remanding to the trial court for a full resentencing. (See, e.g., *People v. Panighetti* (2023) 95 Cal.App.5th 978, 1005 [modifying judgment to award 534 days of presentence custody credits and affirming judgment as modified]; *People v. Jones* (2023) 88 Cal.App.5th 818, 823 [modifying judgment to reflect correct number of custody credits and affirming judgment as modified]; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118-1119 [modifying judgment to award custody credits without remanding for full resentencing]; *People v. Magallanes* (2009) 173 Cal.App.4th 529, 537 [directing trial court to modify judgment to increase custody credits by two days, but otherwise affirming judgment in all respects].)

Assuming, without deciding, that we could correct the credit error on our own, we decline to do so because it would effectively add a year to defendant's sentence even though we are told he has already been released.[8] As the trial court noted, defendant's sentence was imposed as part of a plea agreement, and case law teaches, " 'Where defendants have pleaded guilty in return for a *specified sentence*, appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure.' " (*People v. Couch* (1996) 48 Cal.App.4th 1053, 1056; see *id.* at pp. 1056-1057.) We agree, and we follow that rule in this case.

---

[8]     In his opening brief defendant states he has been released, but he continues to pursue this appeal because he wants to erase the strike conviction caused by the gang enhancement in this case.

10

## DISPOSITION

The appeal is dismissed.

/s/
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
FEINBERG, J.