Filed 5/27/26  P. v. Adams CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIDGET ADAMS,<br><br>    Defendant and Appellant. | C101069<br><br>(Super. Ct. No. 23FE008781) |

Defendant Bridget Adams appeals a judgment entered following her no contest plea to eight counts and a stipulated sentence.  She challenges the factual basis supporting four of those counts and successfully obtained a certificate of probable cause.  The People agree that reversal is required, but the parties disagree on the appropriate disposition.  Defendant initially asked for reversal and remand to allow the prosecution to correct the factual basis for the plea or for her to withdraw that plea.  The People requested we vacate her plea, restore the dismissed counts, and allow for further proceedings including the possible correction of the deficient factual basis.  In reply, defendant asked that we direct the trial court to vacate count four, strike count ten, and otherwise restore the parties to their preplea positions.

We agree that count ten as pled created a legal impossibility requiring reversal of the trial court's acceptance of defendant's plea agreement.  Putting aside that defendant waived her arguments brought solely on reply (*People v. Duff* (2014) 58 Cal.4th 527,

1

550, fn. 9) and for the reasons we shall explain, we reverse and direct the trial court to vacate the plea and restore the parties to their previous position by reinstating all charges. Defendant may raise her challenges to the propriety of any individual counts on remand if needed after further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Because we conclude defendant's plea to count ten contained a legal impossibility requiring reversal, we will limit our description to that count as well as general information provided for context.

On March 25, 2024, the prosecution filed a consolidated amended information charging defendant with stalking with intent to cause fear (count one); stalking in violation of a restraining order (count two); perjury (counts three through five); false imprisonment (count six); dissuading a witness (counts seven through nine and eleven through twelve); soliciting the commission of a crime (count ten); misdemeanor false reporting of a crime (counts thirteen through twenty-one), and misdemeanor resisting a police officer (count twenty-two).

The same day, defendant resolved the case by pleading no contest to counts one through four, six, and ten through twelve in exchange for a negotiated aggregate prison sentence of nine years four months. She also admitted one aggravating sentencing factor. The remaining counts were to be dismissed in the interests of justice in accordance with the plea agreement.

The prosecutor provided the factual basis for defendant's plea. "Going to count 10. On or about and between, September 15th, 2023, and September 27th, 2023, the defendant Bridget Adams did co[m]mit a felony violation of [s]ection 653F[, subdivision ](a) of the Penal Code in that she did willfully and unlawfully and with intent that the crime be committed, solicit another, specifically [C.A.], … to commit or join in the commission of the crime of preparing false documentary evidence in violation of [s]ection 134 …. [¶] Specifically, while incarcerated at the Rios Cosumnes Correctional

2

Center, defendant made multiple phone calls to [C.A.] using both her inmate account and another inmate account. In those calls she told [C.A.] to prepare letters and sign them off as if they were written by [S.S.] and witness [M.A.] … with the intent as stated in her jail calls that they be presented as evidence for a bail hearing knowing them to be false because she provide[d] some scripts of what [C.A.] should say in these letters."

When asked about S.S.'s relationship to defendant, the prosecution explained: "[S.S.] was a patient at a methadone clinic in which the defendant was a drug counselor. He was specifically her patient. Based on investigation into her e-mails and cell phones there [are] indications … she … made … at least one romantic overture to him via text message as well as contacted various (unintelligible) for love spells stating her intent that he needs to love her. He needs to never press charges against her. [¶] And when those romantic attentions were rebuffed, that's when the stalking began in earnest." Defendant's attorney declined the trial court's invitation to add to the factual basis for the plea. Defendant accepted the facts as stated and declined questions, and her attorney attested to having advised defendant of her rights, defenses, and the possible consequences of her plea. The parties agreed to waive the preparation of a probation report, and the matter was set for sentencing to allow the victims to attend.

The victims' impact statements from defendant's sentencing reflected her multiple-year campaign of criminal conduct against S.S., including the fabrication of evidence to have S.S. arrested/imprisoned and to obtain two temporary restraining orders, the service of fake lawsuits, and attempts to have his parents evicted. Defendant also orchestrated the filing of multiple false complaints against the second victim M.A., who was the director of the treatment center where defendant had been employed. The trial court confirmed the victims' acquiescence in the plea, indicating a willingness to reject the deal if they were not. The court then sentenced defendant in accordance with her plea and dismissed the remaining charges.

Defendant appeals and ultimately obtained a certificate of probable cause.

3

Generally, a guilty or no contest plea "precludes appellate consideration of issues related to guilt or innocence, including the sufficiency of the evidence to support the conviction." (*People v. Palmer* (2013) 58 Cal.4th 110, 114.) Nonetheless, a defendant may still "assert that his[, her, or their] admission included a legal impossibility." (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1365.) The parties agree, and we concur, that defendant's plea to count ten included such an impossibility.

"The term 'legal impossibility,' as applied to a choate crime, is merely a catch phrase for saying that, as a matter of law, the statute under which the defendant is charged does not prohibit his[, her, or their] conduct." (*People v. Jerome* (1984) 160 Cal.App.3d 1087, 1094.) Put another way, legal impossibility exists when the facts as admitted cannot constitute the crime pled to, such as where the victim's characteristics fall outside of the statutory definition. (See, e.g., *People v. Richardson* (2021) 65 Cal.App.5th 360, 371-375 [setting aside no contest plea to human trafficking of a minor where victim was not a minor]; *Jerome*, at pp. 1093, 1099 [setting aside plea to oral copulation of a minor under 14 where the victim was 15].)

We find *People v. Soriano* (1992) 4 Cal.App.4th 781 instructive. In that case, the defendant pled no contest to violating Penal Code[1] section 115 by attempting "to file a 'forged instrument, to wit, a death certificate.' " (*Soriano*, at p. 783.) However, "a death certificate is not an 'instrument' within the meaning of … section 115." (*Soriano*, at p. 783.) Accordingly, the Court of Appeal reversed the judgment, explaining: "[W]hat we have here is a legal impossibility. [The defendant] could not have been guilty of violating ... section 115 by attempting to file a forged instrument because, as a matter of

---

[1] Undesignated statutory references are to the Penal Code.

law, the writing he was charged with and admitted forging, a death certificate, is not an instrument within the meaning of section 115." (*Soriano*, at p. 784; see *id*. at p. 786.)

Here, defendant was charged with and the factual basis provided that she violated section 653f, subdivision (a) by soliciting C.A. to prepare false documentary evidence in violation of section 134. However, section 134 is not one of section 653f, subdivision (a)'s enumerated offenses. This section provides in pertinent part: "Every person who, with the intent that the crime be committed, solicits another to offer, accept, or join in the offer or acceptance of a bribe, or to commit or join in the commission of carjacking, robbery, burglary, grand theft, receiving stolen property, extortion, perjury, subornation of perjury, forgery, kidnapping, arson or assault with a deadly weapon or instrument or by means of force likely to produce great bodily injury, or, by the use of force or a threat of force, to prevent or dissuade any person who is or may become a witness from attending upon, or testifying at, any trial, proceeding, or inquiry authorized by law, shall be punished." (§ 653f, subd. (a).)

Moreover, the elements of the target offenses most like a violation of section 134, to wit, forgery, perjury, and the subornation of perjury, do not necessarily align with the elements of section 134 so as to prove that solicitation of a violation of section 134 necessarily establishes a violation of section 653f, subdivision (a).

A violation of section 134 is established by proving " '(1) the defendant prepared a false or antedated book, paper, record, instrument in writing, or other matter or thing, (2) with the intent to produce it, or allow it to be produced as genuine or true, upon any trial, proceeding, or inquiry authorized by law, [and] (3) for any fraudulent or deceitful purpose.' " (*People v. Lucero* (2019) 41 Cal.App.5th 370, 405.)

Perjury is established by showing a statement that (1) was "willful," (2) "was made under oath or affirmation," (3) "involved a material matter," and (4) "the witness knows … [was] false." (*People v. Lucero*, *supra*, 41 Cal.App.5th at p. 406.) "When the perjury is by declaration, the defendant must also deliver the declaration to someone else

5

intending that it be uttered or published as true." (*Ibid.*)  Subornation of perjury occurs when a person convinces another to perjure himself, herself, or themself.  (*Ibid.*)

Thus, there is overlap between these offenses, for example, if a person were to commit perjury by declaration, which could also establish a violation of section 134. (*People v. Lucero*, *supra*, 41 Cal.App.5th at pp. 407-408.)  However, a generalized violation of section 134 does not necessarily mean a violation of perjury also occurred. (*Lucero*, at pp. 407-408.)

The same is true of forgery, which is established by showing:  (1) "a writing or other subject of forgery," (2) "the false making of the writing," and (3) the "intent to defraud."  (*People v. Gaul-Alexander* (1995) 32 Cal.App.4th 735, 741.)  Clearly, not all instances of false presentation of evidence also result in a forgery given that the former only requires "a fraudulent or deceitful purpose" while that latter requires a specific "intent to defraud."  (Compare § 134 with § 470.)

Accordingly, we conclude that because section 134 is not one of the specifically enumerated offenses and given that the elements of a section 134 offense do not necessarily establish one of the specifically enumerated offenses, defendant's plea to violating section 653f, subdivision (a) by committing a violation of section 134 has resulted in a legal impossibility requiring reversal.  (*People v. Soriano*, *supra*, 4 Cal.App.4th at pp. 784, 786.)

Moreover, we believe reversal, vacatur of defendant's plea, and restoration of the parties to their original position by reviving the dismissed counts addresses the technical impossibility of count ten while balancing the interests of justice and the respective rights of the parties.  Unlike *People v. Richardson*, *supra*, 65 Cal.App.5th at pages 373-375, where the appellate court directed the removal of a legally impossible count that had been added for the plea agreement even though the victim did not meet the statutory definition, here, it is possible that defendant's conduct violated section 653f and that the information could be amended to specify a legally viable theory.  Given this conclusion, we do not

6

reach defendant's remaining arguments beyond noting that she may bring her remaining challenges to the viability of specified counts on remand if needed after further proceedings.

DISPOSITION

The judgment is reversed and the matter remanded with directions for the trial court to vacate defendant's no contest pleas, revive the dismissed counts, and conduct further proceedings consistent with the law and this opinion.


/s/ _____
ROBIE, Acting P. J.

We concur:


/s/ _____
KRAUSE, J.


/s/ _____
MESIWALA, J.